Per Curiam :
The plaintiff enlisted in the Navy in 1917. In 1934 he was transferred to the Fleet Naval Reserve. He *610 resumed active service in 1940 and served until 1946. He thus had 22 years of active service. In 1943 he had been placed on the retired list of the Navy for physical disability, but, as we have seen, he continued in active service until 1946. Upon his “re-retirement” in 1946 he was awarded retired pay based on his 22 years of active service.
After the passage of the Career Compensation Act of 1949, 63 Stat. 802, it became important, for the first time, to determine the percentage of the disability of an officer, at the time of his retirement, since, under an election offered by that Act, a high percentage of disability would entitle the officer to a high retired pay. The Secretary of the Navy determined that the plaintiff’s disability had been 10 percent. The plaintiff, after being informed in 1952 of that determination, requested a review by the Physical Disability Appeal Board, saying that he believed that he had pernicious anemia and was 100-percent disabled thereby. In 1953 he was hospitalized for diagnosis, pursuant to this contention, but he left the hospital before a diagnosis could be made. However, he appeared before the Appeal Board in October 1953 and the Board, on the basis of his Navy medical record and other evidence gave him a 30-percent physical disability rating, no part of which was for pernicious anemia. The record of the Appeal Board was reviewed and approved by the Physical Review Council and was approved by the Secretary of the Navy.
The plaintiff elected to continue to receive the retired pay he had been receiving, since retired pay based on a 30-percent disability rating would not have been as much as he had been receiving.
The plaintiff applied, in 1949, in 1957, and in 1958, to the Board for Correction of Naval Records for the correction of his record to show that he had been disabled by pernicious anemia at the time of his retirement. That Board in each case denied the application.
The plaintiff, during his service in the Navy, had several medical examinations, which disclosed various physical defects. In none of them was there a finding of pernicious anemia. Nor did any personal physician of the plaintiff, so far as appears, ever find that he had pernicious anemia.
*611 The plaintiff has presented no basis on which this court could conclude that the Navy authorities were arbitrary or capricious in their determinations with regard to the plaintiff’s physical condition.
The plaintiff is one of the numerous plaintiffs in another action pending in this court. That action is a class suit entitled Frank Alois Brandenstein, et al. v. United States, No. 98-59. In that suit the plaintiffs claim increased retired pay, but on a wholly different ground from that asserted by the plaintiff in the instant case. Our dismissal of the instant petition is without prejudice to the right of the plaintiff to continue to participate in No. 98-59.
The plaintiff’s petition is dismissed.
It is so ordered.